**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 09 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAUL DIAZ,

                Petitioner - Appellant,

    v.

GREG LEWIS, Warden,

                Respondent - Appellee.

No. 13-56724

D.C. No. 2:12-cv-05320-AG-PJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted January 9, 2015
Pasadena, California

Before: WARDLAW, W. FLETCHER, and OWENS, Circuit Judges.

    Saul Diaz appeals the district court's denial of his 28 U.S.C. § 2254 petition.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the California Court

of Appeal's decision that Diaz's statements to the police officers were voluntary

was neither contrary to, nor an unreasonable application of, clearly established

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Supreme Court precedent and was not an unreasonable determination of the facts, we affirm. 28 U.S.C. § 2254(d); *Harrington v. Richter*, 131 S. Ct. 770, 785-86 (2011).

In determining whether a confession is voluntary, the critical inquiry is "'whether [the] defendant's will was overborne by the circumstances surrounding the giving of [the] confession,' an inquiry that 'takes into consideration the totality of all the surrounding circumstances—*both* the characteristics of the accused *and* the details of the interrogation.'" *United States v. Preston*, 751 F.3d 1008, 1016 (9th Cir. 2014) (en banc) (alterations in original) (quoting *Dickerson v. United States*, 530 U.S. 428, 434 (2000)). "Each of these factors, in company with all of the surrounding circumstances—the duration and conditions of detention (if the confessor has been detained), the manifest attitude of the police toward him, his physical and mental state, the diverse pressures which sap or sustain his powers of resistance and self-control—is relevant." *Id.* (quoting *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961)).

The California Court of Appeal correctly concluded that Diaz's will was not overborne under the totality of the circumstances surrounding his interrogation and that his statements were, therefore, voluntary. *See Lynumn v. Illinois*, 372 U.S. 528, 534 (1963); *Haynes v. Washington*, 373 U.S. 503, 513-14 (1963). The

California Court of Appeal properly reasoned that Diaz was familiar with the criminal justice system, having had several prior experiences with criminal law, including a grand theft conviction, a conviction for being a minor in possession of a concealable firearm, two arrests for taking a vehicle without the owner's consent, and three arrests for violating a gang injunction. *See Lynumn*, 372 U.S. at 534. And as the state court noted, the tone of the interrogation was generally cordial; Diaz laughed at times during the interrogation.

Both the California Court of Appeal and the district court acknowledged that the detectives used heavy-handed techniques that "pushed hard against the bounds of propriety," including implying that Diaz would be better off by admitting his presence at the scene of the shooting. The California Court of Appeal correctly found, however, that "Diaz's confession was not causally related to coercive interrogation tactic[s]." Rather, it was only after the detectives promised that his bail would not be increased, and after speaking with Officer Maldonado, an officer Diaz trusted, that Diaz decided to give his statements. Thus, the California Court of Appeal's determination that Diaz's statements were voluntary under the totality of the circumstances was neither contrary to, nor an unreasonable application of,

3

clearly established Supreme Court precedent and was not an unreasonable

determination of the facts.  28 U.S.C. § 2254(d).

**AFFIRMED.**